UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

|  |  |
|---|---|
|  | Chapter 11 |
| Creative Loafing, Inc. | Case No. 8:08-bk-14939-CED [Lead Case] |
| CL Charlotte, Inc. | Case No. 8:08-bk-14950-CED |
| Weekly Planet of Sarasota, Inc. | Case No. 8:08-bk-14945-CED |
| Weekly Planet, Inc. | Case No. 8:08-bk-14943-CED |
| Creative Loafing Atlanta, Inc. | Case No. 8:08-bk-14947-CED |
| CL Chicago, Inc. | Case No. 8:08-bk-14953-CED |
| CL Washington, Inc. | Case No. 8:08-bk-14960-CED |
| Washington Free Weekly, Inc. | Case No. 8:08-bk-14961-CED |
| CL Birmingham, Inc. | Case No. 8:08-bk-14954-CED |
|  |  |
| Debtors. | (Jointly Administered) |

_____/

**NOTICE OF (A) ENTRY OF ORDER CONFIRMING
FOURTH AMENDED PLAN OF REORGANIZATION, (B) OCCURRENCE OF
EFFECTIVE DATE, AND (C) BAR DATES FOR FILING CLAIMS ARISING
BEFORE EFFECTIVE DATE AND OTHER ADMINISTRATIVE CLAIMS**

**TO:    ALL PARTIES IN INTEREST**

**PLEASE TAKE NOTICE THAT:**

1.    On August 26, 2009, the United States Bankruptcy Court for the Middle District of Florida, Tampa Division (the "Bankruptcy Court") entered its *Order Confirming Debtors' Fourth Amended Joint Plan of Reorganization* (Doc. No. 453) (the "Confirmation Order").  Unless otherwise defined herein, capitalized terms used in this Notice shall have the meanings ascribed to such terms in the *Fourth Amended Joint Plan of Reorganization of Creative Loafing, Inc. and Affiliated Debtors* (Doc. No. 378) (the "Plan") dated July 24, 2009.  Copies of the Confirmation Order and the Plan may be obtained by contacting counsel for Reorganized Debtors as listed below.

2.    The conditions to consummation of the Plan set forth in Sections 11.2 and 11.3 of the Plan were satisfied (or waived) on August 26, 2009.  Thus, in accordance with the terms of the Plan, the Plan became effective on August 26, 2009 (the "Effective Date").  All references in the Plan and the Confirmation Order to the Effective Date are to August 26, 2009.

3.     In accordance with Section 3.2 of the Plan, subject to the provisions of paragraph 4 below, all requests for payment of an Administrative Claim or any Claim arising against the Debtors in the period between August 8, 2009 and August 26, 2009 must be made by application filed with the Bankruptcy Court and served on counsel for the Reorganized Debtors **no later than September 25, 2009**, which is thirty (30) days after the Effective Date. The filing of an application must be made via the Bankruptcy Court's electronic filing procedures (electronic filing is mandatory for all attorneys) or by delivery of a hard copy to the Clerk of the Court, United States Courthouse, Sam M. Gibbons U.S. Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602. The service of an application on counsel for the Reorganized Debtors must be made by delivery of a copy to Chad S. Bowen, Jennis & Bowen, P.L., 400 North Ashley Drive, Suite 2540, Tampa, Florida 33602, Fax: (813) 229-1707, E-mail: cbowen@jennisbowen.com. In the event the Reorganized Debtors object to an application, the Bankruptcy Court shall determine the Allowed amount of such Administrative Claim. **Subject to the provisions of paragraph 4 below, an Administrative Claim or any Claim arising against the Debtors in the period between August 8, 2009 and August 26, 2009 that is not asserted in an application filed and served no later than September 25, 2009, shall be forever barred and deemed waived and relinquished in full, and the Reorganized Debtors shall have no obligation to pay such Claim.**

4.     Notwithstanding the provisions of paragraph 3, (a) no application seeking payment of an Administrative Claim or any Claim arising between August 8, 2009 and August 26, 2009 is required with respect to an undisputed post-petition obligation which was paid or is payable by a Debtor in the ordinary course of business; *provided, however,* that in no event shall a post-petition obligation that is contingent or disputed and subject to liquidation through pending or prospective litigation, including, but not limited to, alleged obligations arising from personal injury, property damage, products liability, consumer complaints, employment law (excluding claims arising under workers' compensation law), secondary payor liability, or any other disputed legal or equitable claim based on tort, statute, contract, equity, or common law, be considered to be an obligation which is payable in the ordinary course of business; and (b) no application is required with respect to Cure owing under an executory contract or unexpired lease if the amount of Cure is fixed or proposed to be fixed by order of the Bankruptcy Court pursuant to a motion to assume and fix the amount of Cure filed by the Debtors and a timely objection asserting an increased amount of cure filed by the non-Debtor party to the subject contract or lease.

5.     In accordance with Section 3.2.2 of the Plan, all final requests for payment of Professional Fee Claims, pursuant to Sections 503(b)(2), 503(b)(3), 503(b)(4) or 503(b)(5) of the Bankruptcy Code must be made by application filed with the Bankruptcy Court and served on the Reorganized Debtors, their counsel, and other necessary parties-in-interest **no later than September 25, 2009**, which date is thirty (30) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. Objections to such applications must be filed and served on the Reorganized Debtors, their counsel, and the requesting Professional or other entity on or before the date that is twenty (20) days (or

such other period as may be allowed by order of the Bankruptcy Court) after the date on which the applicable application was served.

Dated: September 4, 2009

<div style="margin-left:40%">

_/s/ Chad S. Bowen_
Chad S. Bowen
Florida Bar No. 0138290
**Jennis & Bowen, P.L.**
400 N. Ashley Dr., Ste. 2540
Tampa, FL 33602
Telephone: (813) 229-1700
Facsimile: (813) 229-1707
Email: cbowen@jennisbowen.com
Counsel to the Debtors and
Debtors-in-Possession

</div>

**IF YOU HAVE QUESTIONS CONCERNING THIS NOTICE, PLEASE CONTACT:**

**CHAD S. BOWEN**
**JENNIS & BOWEN, P.L.**
**PHONE:  (813) 229-1700**
**E-MAIL: cbowen@jennisbowen.com**

## SERVICE LIST

**Tampa Produce Park Business Center, Inc**.
c/o its Registered Agent and President, David A. Schmitt
4503 Hickory Creek Lane
Brandon, FL 33511

**Eason Second Generation Holdings**
c/o Taylor E. Eason
812 North Howard Avenue
Tampa, FL 33606

**Florida Dept. of Revenue**
Office of General Counsel
Bankruptcy Section
P.O. Box 6668
Tallahassee, FL 32314-6668

**Hillsborough County Tax Collector**
601 E. Kennedy Blvd.
County Center, 14th Floor
Tampa, FL 33602

**Internal Revenue Service**
Centralized Insolvency Oper.
PO Box 21126
Philadelphia, PA 19114-0000

**Fulton County Tax Collector**
P.O. Box 105052
Atlanta GA 30348-5052

Georgia Dept of Labor
P.O. Box 740234
Atlanta GA 30374-0234

Georgia Dept of Revenue
P.O. Box 105678
Atlanta GA 30348-5678

Comptroller of Maryland
Annapolis MD 21411-0002

DC Ofc of Tax & Revenue
941 N. Capitol Street NE
1st Floor
Washington DC 20002-0000

DC Unemployment Tax
609 H Street NE
Room 367A
Washington DC 20002-0000

Virginia Dept. of Taxation
PO Box 1115
Richmond VA 23218-1115

Illinois Dept of Empl Svcs
P.O. Box 19300
Springfield IL 62794-9300

Illinois Dept of Revenue
PO Box 19447
Springfield IL 62794-9447

Mecklenburg County Tax Coll
P.O. Box 32247
Charlotte NC 28232-2247

NC Dept of Revenue
P.O. Box 25000
Raleigh NC 27640-0640

NC Employment Sec Commission
PO Box 25903
Raleigh NC 27611-5903

Sarasota County Tax Coll
101 S. Washington Blvd.
Sarasota FL 34236-6940

Benjamin Eason

Skyway Capital
c/o Bryan Crino
100 North Tampa Street
Suite 3550
Tampa, FL 33602

David M. Snyder, Esq.
1810 S MacDill Avenue
Suite 4
Tampa, FL   33629

Officers on D&O
**(Get from Angela)**

Foley & Lardner
c/o Mark Wolfson
100 N. Tampa Street, Suite 2700
Tampa, FL  33602

Equity Partners, Inc.
c/o Ken Mann
40 East Dover Street, 3rd Floor
Easton, MD  21601

The Financial Valuation Group
c/o Michael Mard
8074 North 56th Street
Tampa, FL  33617